# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL DOCKET NO. 3:16-MC-232-MOC-DSC

| | |
|---|---|
| IN RE: ) | |
| ) | |
| 3545 SHARON ROAD, CHARLOTTE, ) | |
| NORTH CAROLINA, ) | |
| ) | **ORDER** |
| IN RE: ) | |
| RICHARD C. SISKEY ) | |
| ) | |
| Petitioner USA. ) | |

**THIS MATTER** is before the Court on the "Renewed Motion of the Charlotte Observer Publishing Company to Unseal Court Records" (document # 13) filed February 10, 2017 and the parties' associated briefs and exhibits. See docs. ## 14-15. This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration.

The Charlotte Observer Publishing Company d/b/a The Charlotte Observer ("The Charlotte Observer" or "Movant") has renewed its Motion to unseal court records in this case (document # 8) and specifically seeks the unsealing of, and public access to, the "Sealed Document: Unredacted Affidavit by USA" filed December 21, 2016 (document # 5).

The Government objects based upon 26 U.S.C. § 6103 which protects taxpayer information from unnecessary disclosure. The Government does not represent that disclosure of the redacted information would compromise any pending investigation.

The Fourth Circuit discussed in detail the right of access to judicial documents and records afforded to the press and public in Company Doe v. Public Citizen, 749 F.3d 246 (4th Cir. 2014). The Fourth Circuit stated:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 n. 17, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); Media Gen. Operations, Inc. v. Buchanan, 417 F.3d 424, 428 (4th Cir.2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir.2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." In re United States for an Order Pursuant to 18 U.S.C. Section 2703, 707 F.3d 283, 290 (4th Cir.2013) (quoting Va. Dep't of State Police, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." Rushford, 846 F.2d at 253. By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," Stone, 855 F.2d at 180, and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir.1986) (quoting Press–Enter. Co. v. Superior Court, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (internal quotation marks omitted)).
>
> We have cautioned district courts that the right of public access, whether arising under the First Amendment or the common law, "may be abrogated only in unusual circumstances." Stone, 855 F.2d at 182. As explained above, public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary. See Columbus–Am. Discovery Grp., 203 F.3d at 303. "Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." Littlejohn v. Bic Corp., 851 F.2d 673, 682 (3d Cir.1988).

749 F.3rd at 265-66.

The Court does not find that further sealing of the redacted information is necessitated by a compelling Government interest or that countervailing interests heavily outweigh the public interests in access here.

IT IS THEREFORE ORDERED that the "Renewed Motion of the Charlotte Observer Publishing Company to Unseal Court Records" is GRANTED. The Court directs the Clerk to unseal Document 5 and make it available for public access.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel, and to the <u>Honorable</u> Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: February 24, 2017

David S. Cayer
United States Magistrate Judge